UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT LAREDO DIVISION

United States Courts
Southern District of Texas
FILED

APR 27 2021 DJM

Nathan Ochsner, Clerk
Laredo Division

| | |
|---|---|
| ISMAEL RINCON, | ) Case No.: |
| *Plaintiff,* | ) PLAINTIFFS ORIGINAL COMPLAINT FOR DEPRIVATION OF CIVIL RIGHTS UNDER USC TITLE 42 § 1983 |
| vs. | |
| ERNESTO ELIZONDO, III, in his individual and official capacities, CITY OF LAREDO, TEXAS, | ) EXHIBITS 1-4 attached hereto and incorporated herein |
| *Defendants,* | ) DEMAND FOR TRIAL BY JURY |

PLAINTIFFS' ORIGNAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW,** Plaintiff Ismael Rincon, in *propia persona* in the above-titled cause, hereby files this, his Original Complaint for deprivation of certain of his guaranteed and protected civil rights relating to the 1st and 4th Amendments. This complaint for said civil rights violations is brought against all captioned Defendants and is, hereby brought before this honorable court

///

///

///

///

///

## I. JURISDICTION AND VENUE

1.  Causes of Action of this complaint arise under 42 U.S.C. §1983 (Civil Action for Deprivation of Rights). The jurisdiction of this court is founded on federal question jurisdiction, 28 U.S.C. §1331, this court also has original jurisdiction pursuant to 28 U.S.C. §1343.

2.  Venue is proper because all events giving rise to Plaintiffs' causes of action occurred within this district, as provided in 28 U.S.C. § 1391(b)(2).

## II. PARTIES

3.  Plaintiff ISMAEL RINCON, hereinafter "RINCON", at all times relevant herein, was domiciled in the State of Texas.

4.  Plaintiff is informed and believes that Defendant, ERNESTO ELIZONDO, III, hereinafter "ELIZONDO", is a sworn Peace Officer for the City of Laredo in the State of Texas, and at all times relevant to this complaint, was acting as an employed, compensated, enriched and rewarded employee for defendant City of Laredo. ELIZONDO is being sued in his individual and official capacities.

5. Plaintiff is informed and believe that Defendant, City of Laredo, through this complaint and hereafter "LAREDO", is an incorporated municipality within Webb County in the State of Texas, and can be sued as such person specific to this lawsuit.

### III. GENERAL FACTUAL ALLEGATION

6. RINCON and his family own 2 plots of land along the northern shoreline of the Rio Grande River in Laredo, Texas. These properties are considered to be on the U.S. and Mexican border on the U.S. side (see Exhibit 1).

7. In mid-March of 2018, RINCON who operates a cleaning business, returned home from being out of the area to this property. He walked across the street from the first property where a church is located to the second of these properties, the vacant lot where his large flatbed truck was parked. RINCON observed that the truck had been vandalized.

8. Several days later, RINCON returned home to find that the truck had been further vandalized and shortly thereafter made a report of this vandalism to the Laredo Police Department. RINCON believed that in order to reduce any

further vandalism or trespass he would begin patrolling his property when he returned home from his work.

9. Daily from mid-March anywhere between 10:00 p.m. and 2:00 a.m. RINCON would take his .22 caliber rifle and use his phone as a flashlight, walk from his home on the first property across the street to the second property and walk his property interior. RINCON made no encounters during his patrols.

10. On April 27th, 2019 at approximately 12:20 a.m., RINCON arrived home and put his rifle over his shoulder using the sling positioning the rifle in front of his body with the muzzle aimed towards the ground. RINCON then crossed the street and walked towards the truck with his phone flashlight on.

11. As RINCON was looking into his truck using his flashlight to aid viewing the interior, a car drove onto his property and towards him with the headlights aimed directly at RINCON and his truck. RINCON observed this stated that to be the police cruiser driven by ELIZONDO with no emergency lights activated. This encounter would be recorded as Event No. 4260026 – traffic violation and failure to ID, see Exhibit 2; no citation was ever issued.

12. ELIZONDO approached to within 6 feet of RINCON and asked if RINCON was with BORDER PATROL to which RINCON replied "No". RINCON stated that this was his property that he was patrolling. ELIZONDO, stated that this was a city park, then asked for RINCON to produce identification. At this point, RINCON stated "no" that he was not required by any law to do so and he was on his own property.

13. ELIZONDO drew his sidearm and aimed it at RINCON. RINCON immediately put both hands in the air and gave ELIZONDO permission to take his rifle and requested the officer not shoot him. During the entirety of this encounter RINCON was calm, non-combative, reasonable, posing no threat to ELIZONDO or any of the other officers.

14. ELIZONDO then took RINCON's phone/recording device and then struck RINCON in the throat and pushed him back. ELIZONDO then took RINCON's rifle, removed the ammunition, and placed it on the hood of his cruiser. RINCON asked if he was under arrest and ELIZONDO stated "no". ELIZONDO again asked RINCON to provide an ID, and did not request

identifying information. RINCON stated that in light of Texas Penal Code 38.02 he did not have to provide any identification.

15. At about this time, approximately 5 other police cruisers arrived on scene with approximately 8 other officers, and only officer R. Rodriguez demonstrated use of an active bodycam and dashcam (see Exhibit 3 and Exhibit 4).

16. With several officers directing flashlight beams and car lights on RINCON, ELIZONDO made additional requests for ID to which RINCON stated that he was not lawfully required to do so. ELIZONDO then directed another officer to place RINCON in handcuffs. ELIZONDO then took RINCON's cell phone as RINCON was recording, disabled the cell phone's recording.

17. As this officer had completed handcuffing RINCON, he positioned his arm under RINCON's forearm and a top RINCON's shoulder and lifted until RINCON stated his shoulder had popped and was now hurting. Despite RINCON's complaint of intense pain this officer continued this hold for several

minutes. During this encounter RINCON twice requested that he would like assistance from Emergency Medical Services (EMS) to examine his shoulder. To RINCON's knowledge, EMS was never called and at no point did they arrive on scene.

18. While RINCON was handcuffed ELIZONDO and at least one other officer began removing RINCON's wallet and other items from his from his pockets and searching the contents of the wallet. RINCON asked if he was under arrest, to which ELIZONDO stated that RINCON was not under arrest. ELIZONDO told RINCON that he was being a *"cabron,* (translation: ass or jerk) by not complying with his request for RINCON to furnish ID. Further, at no time during the encounter was RINCON told by any officer that he was being detained or placed under arrest.

19. After reviewing the contents of RINCON's wallet, ELIZONDO directed the unknown officer who had handcuffed RINCON to uncuff RINCON. ELIZONDO then and handed him back his phone/recording device. Within

moments RINCON was handed his rifle, wallet, and items removed from his pockets.

20. When ELIZONDO observed RINCON recording the conversation, ELIZONDO took RINCON's phone/recording device from his hand, turned off the video recording and held RINCON's phone. After several moments, ELIZONDO handed RINCON his phone back. As ELIZONDO and the officers continued their explanations as to why his and the other officers' conduct was proper and why RINCON was being "stupid" and a "clown", RINCON began recording, again.

21. Within moments, ELIZONDO realized that RINCON was again recording and took RINCON's from him, again, and disabled the phone from recording the encounter. As ELIZONDO took RINCON's phone he stated to RINCON to "stop being a clown" by recording the encounter. ELIZONDO interfered with RINCON recording the encounter by taking RINCON's phone/recording device on at least 2 occasions and disabling phone recording.

22. While recording the last time, RINCON saw plain clothes officer who was identified as a Lieutenant. RINCON asked for this man to identify himself by providing his name and badge number. This man refused stating that RINCON was "cleared" after having checked RINCON's ID retrieved from RINCON's wallet and that the 30-minute encounter was now over.

23. After returning home and RINCON, who was unable to sleep because of the intense pain in his shoulder, RINCON, who been in constant pain because of the shoulder injury, went to the hospital to receive medical evaluation and treatment of his left shoulder. The action of the unknown officer when RINCON was handcuffed resulted injury to RINCON's left shoulder, his rotator cuff, which was medically treated by injection, immobilization, and medication. Since this incident RINCON has suffered reduced range of motion and pain.

24. Later that night, RINCON encountered the male officer who had handcuffed and injured his shoulder. RINCON asked this male officer for an event or report number and was provided with police event #4260026. After

securing this event report from the police department it provided the employee numbers of the officers on-scene that evening. These included employees' numbers #1412, #4605, #7553, #7804, #4298, #8223, and #7804, see Exhibit 2.

## IV. CAUSES OF ACTION

### CAUSE I

**(42 U.S.C. § 1983; 1st Amendment- Right to Record the Police)**

25. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 24 above and incorporates the same as if set forth in full.

26. ELIZONDO knew or should have known that recording the police in the performance of their duties is an established and protected 1st Amendment right in the state of Texas since 2017.

27. During this encounter, at least on 2 occasions, ELIZONDO interfered with RINCON's protected right by taking RINCON's cellular device from this Plaintiff and disabling the recording feature.

28. In so doing, Defendant ELIZONDO violated Plaintiff's rights relating to the 1st Amendment and did so with deliberate indifference.

29. As a direct and proximate consequence of the acts of this Defendant, RINCON has suffered and continues to suffer injury therefrom and is entitled to recover damages accordingly.

## CAUSE 2

### (42 U.S.C. § 1983; 4th Amendment- Unreasonable Seizure)

30. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 29 above and incorporates the same as if set forth in full.

31. ELIZONDO knew or should have known that by taking RINCON's phone/recording device absent warrant or other valid cause is a violation of an established and protected 4th Amendment right in the state of Texas; the right to be free from unreasonable searches and seizures.

32. During this specific encounter, at least on 2 occasions, ELIZONDO violated RINCON's established and protected right by unlawfully taking RINCON's cellular device from this Plaintiff hands and disabling the recording feature.

33. In so doing, Defendant ELIZONDO violated Plaintiff's rights relating to the 4th Amendment and did so with deliberate indifference.

34. As a direct and proximate consequence of the acts of this Defendant, RINCON has suffered and continues to suffer injury therefrom and is entitled to recover damages accordingly.

## CAUSE 3

### (42 U.S.C. § 1983; 4th Amendment- Unreasonable Seizure)

35. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 34 above and incorporates the same as if set forth in full.

36. ELIZONDO knew or should have known that by searching RINCON's person, clothing, and personal effects when RINCON was not under arrest, absent warrant, or other valid cause violated RINCON's established and protected 4th Amendment right to be free from unreasonable searches and seizures.

37. In so doing, Defendant ELIZONDO violated Plaintiff's rights relating to the 4th Amendment and did so with impunity and deliberate indifference.

38. As a direct and proximate consequence of the acts of this Defendant, RINCON has suffered and continues to suffer injury therefrom and is entitled to recover damages accordingly.

## CAUSE 4

**(42 U.S.C. § 1983; 4th Amendment- Excessive Force)**

39. Plaintiffs repeat and re-allege the allegations contained in paragraphs 1 through 38 above and incorporate the same as if set forth in full.

40. Defendant ELIZONDO knew or should have known that peace officers cannot make commit acts of excessive force against unarmed and non-combative citizens. ELIZONDO struck RINCON in the throat to push him back when RINCON was not under arrest, was unarmed, and posed no threat.

41. In so doing, Defendant ELIZONDO violated Plaintiff's rights relating to the 4th Amendment and did so with deliberate indifference.

42. As a direct and proximate consequence of the acts of this Defendant, RINCON haa suffered and continues to suffer injury therefrom and is entitled to recover damages accordingly.

## CAUSE 5

### (42 U.S.C. § 1983; 4th Amendment- Excessive Force)

43. Plaintiffs repeat and re-allege the allegations contained in paragraphs 1 through 42 above and incorporate the same as if set forth in full.

44. The unnamed officer knew or should have known that peace officers cannot make or commit acts of excessive force against unarmed and non-combative citizens especially when hand-cuffed and posing no threat. This officer acting on behalf of the City of Laredo forced RINCON's shoulder in an unnatural position so as to injure his rotator cuff and cause permanent injury to RINCON's shoulder.

45. In so doing, this officer, acting in the name of the city of Laredo violated Plaintiff's rights relating to the 4th Amendment and did so with deliberate indifference.

46. As a direct and proximate consequence of the acts of this Defendant, RINCON has suffered and continues to suffer injury therefrom and is entitled to recover damages accordingly.

## V. **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that this honorable court find as follows:

a. That ELIZONDO violated RINCON's 1st amendment right to video record his encounter with ELIZONDO by taking his phone/recording device as described,

b. That ELIZONDO violated RINCON's 4th amendment right to be free from unreasonable searches and seizures when he seized RINCON's phone/recording as described,

c. That ELIZONDO violated RINCON's 4th amendment right to be free unreasonable searches when he acted with excessive force when he grabbed RINCON by the throat and took his phone as described.

d. That the unnamed officer in the name of the city of Laredo violated RIONCON's 4th Amendment right to be from excessive force when he forced RINCON's shoulder into an unnatural position when this plaintiff was standing idle and acting in compliance and did thereby causing immediate and permanent injury to RINCON.

e. That ELIZONDO and the unnamed officer acted within the policies and procedures of the City of Laredo's Police Department in violating RINCON's protected rights as described.

Plaintiffs pray for relief against Defendants, jointly and severally, as follows:

f. Enter judgment against ELIZONDO and each and every defendant individually named and find them jointly and severally liable;
g. Find that the Plaintiff is the prevailing party in this case and award attorney's fees and costs, according to federal law, as noted against defendants ELIZONDO and the City of Laredo;
h. Award punitive damages against all named defendants jointly and severally in their respective individual capacities in the amount of $100,000.00;
i. Award exemplary damages against all named defendants jointly and severally in the amount of $1,000,000.00, so as prevent any similar type of deprivation of rights in the future.
j. And grant such other and further relief as appears reasonable and just, to which Plaintiff shows himself entitled.

## DEMAND FOR TRIAL BY JURY REQUESTED HEREIN

**I, ISMAEL RINCON, DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.**

DATED this 26th day of April, 2021.

                                                    _____
Ismael Rincon
1102 S. Meadow
Laredo, Texas 78043
(210)729-9991
Email: ismarincon@hotmail.com
In *Proper Person*