IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **ISMAEL RINCON,** | § § § | |
| *Plaintiff,* | § § | |
| **v.** | § § § | Civil Action No. 5:21-CV-45 |
| **ERNESTO ELIZONDO, III, in his individual and official capacities, CITY OF LAREDO, TEXAS,** | § § § § | |
| *Defendants*. | § § | |

**DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT MAGISTRATE JUDGE:

**NOW COMES,** Defendants OFFICER ERNESTO ELIZONDO, III (Elizondo) and the CITY OF LAREDO, TEXAS (City) Defendants in the above styled and numbered case, and file this their Original Answer to Plaintiff's Original Complaint and would respectfully show unto this Honorable Court as follows:

**1.**

**ADMISSIONS AND DENIALS**

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants plead as follows concerning the averments in Plaintiff's Original Complaint:

Defendants admit that Ismael Rincon is the Plaintiff and that he is suing for deprivation of his guaranteed and protected civil rights relating to the 1st and 4th Amendments to the U.S. Constitution. Defendants deny Plaintiff is entitled to any relief sought.

**I.   JURISDICTION AND VENUE**

1. Defendants admit the allegations in this paragraph.

2. Defendants admit the allegations in this paragraph.

## II. PARTIES

3. Defendants admit the allegations in this paragraph.

4. Defendants admit the allegations in this paragraph.

5. Defendants admit the allegations in this paragraph.

## III. GENERAL FACTUAL ALLEGATION

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth regarding the time Plaintiff arrived home. Defendants admit the remaining allegations of this paragraph.

11. Defendants deny Plaintiff's allegation that the event was recorded as "Event No. 4260026 – traffic violation and failure to ID." The event report was given Event ID: 19-0427-0026 and was listed as a "Traffic Violation Stop at S Meadow Ave./Barrios St."

12. Defendants are without knowledge or information sufficient to form a belief as to the truth regarding whether Plaintiff informed Elizondo at the initial encounter that he was

patrolling his own property. Defendants admit Plaintiff did make this statement during the course of the encounter. Defendants admit to the remaining portions of this paragraph.

13. Defendants deny that Elizondo drew his sidearm and aimed it at Plaintiff. Defendants admit that Elizondo was patrolling the area after a shooting occurred on the Mexican side of the border, striking a woman on the United States side. As a result, Laredo officers were on alert and patrolling along the river. Defendants admit Elizondo approached Plaintiff, who was carrying a rifle, and placed his hand on his firearm, which was held in his holster. Defendants admit that in response, Plaintiff showed Elizondo his hands, but deny that Plaintiff put both hands in the air, gave Elizondo permission to take his rifle, and asked him not to shoot. Defendants deny the remaining allegations of this paragraph.

14. Defendants admit that Elizondo took Plaintiff's recording device. Defendants deny the allegation that Elizondo struck Plaintiff in the throat and pushed him back. Defendants admit that Elizondo took Plaintiff's rifle, removed the ammunition, and placed it on his cruiser. Defendants admit that Elizondo told Plaintiff he was not under arrest and asked Plaintiff to provide identification. Defendants admit Elizondo did not request identifying information from Plaintiff because Plaintiff provided his name voluntarily. Defendants admit that later in the encounter, Plaintiff stated he did not have to provide identification pursuant to Texas Penal Code, Section 38.02.

15. Defendants admit the allegations in this paragraph.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of last sentence of this paragraph. Elizondo admits to taking Plaintiff's cell phone at some point during the encounter, but cannot confirm it occurred as presented by Plaintiff and does not

recall disabling the recording feature. Defendants admit to the remaining allegations in this paragraph.

17.     Defendants deny the first two sentences in this paragraph. Defendants admit that Plaintiff requested assistance from Emergency Medical Services (EMS) on two occasions during the encounter, but deny that Plaintiff stated the request was to examine his shoulder. Defendants admit EMS was never called.

18.     Defendants deny that Plaintiff asked if he was under arrest at this time. Defendants deny Elizondo told Plaintiff he was being a "cabron" for refusing to comply with the request to furnish and ID, but rather for Plaintiff's resistance to the officers' attempts to conduct a *Terry* stop. Defendants deny Plaintiff was never told that he was being detained. Defendants admit to all the remaining allegations in this paragraph.

19.     Defendants admit to all allegations in this paragraph.

20.     Defendants admit that Elizondo and the officers explained why the officers' conduct was proper. Defendants deny the remaining allegations as presented. While explaining the officers' conduct, Elizondo instructed Plaintiff "record this brother" and assisted in adjusting Plaintiff's phone so it was recording Elizondo. Defendants admit that Elizondo did take Plaintiff's phone for a total of six seconds before returning it to Plaintiff, but Defendants deny that Elizondo turned off the video recording. Defendants deny that Plaintiff was called stupid. Defendants admit that Plaintiff was told "no seas payaso," which is translated to "don't be a clown," or "don't be ridiculous."

21.     Defendants deny the allegations in this paragraph.

22.     Defendants admit to the allegations in this paragraph.

23. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

24. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

### IV.  CAUSES OF ACTION

### CAUSE I

**(42 U.S.C. § 1983; 1st Amendment- Right to Record the Police)**

25. Defendants respond to the allegations Plaintiff incorporates into this paragraph in the same manner they are responded to in the foregoing, corresponding paragraphs of this Answer as if incorporated into this paragraph by reference.

26. Defendants admit an individual has a First Amendment right to record the police in the performance of their duties.

27. Defendants deny the allegations in this paragraph.

28. Defendants deny the allegations in this paragraph.

29. Defendants deny the allegations in this paragraph.

### CAUSE 2

**(42 U.S.C. § 1983; 4th Amendment- Unreasonable Seizure)**

30. Defendants respond to the allegations Plaintiff incorporates into this paragraph in the same manner they are responded to in the foregoing, corresponding paragraphs of this Answer as if incorporated into this paragraph by reference.

31. Defendants admit that Plaintiff has a right to be free from unreasonable searches and seizures. Defendants deny the remaining allegations in this paragraph.

32. Defendants deny the allegations in this paragraph.

33. Defendants deny the allegations in this paragraph.

34. Defendants deny the allegations in this paragraph.

## CAUSE 3

### (42 U.S.C. § 1983; 4th Amendment- Unreasonable Seizure)

35. Defendants respond to the allegations Plaintiff incorporates into this paragraph in the same manner they are responded to in the foregoing, corresponding paragraphs of this Answer as if incorporated into this paragraph by reference.

36. Defendants deny the allegations in this paragraph.

37. Defendants deny the allegations in this paragraph.

38. Defendants deny the allegations in this paragraph.

## CAUSE 4

### (42 U.S.C. § 1983; 4th Amendment- Excessive Force)

39. Defendants respond to the allegations Plaintiff incorporates into this paragraph in the same manner they are responded to in the foregoing, corresponding paragraphs of this Answer as if incorporated into this paragraph by reference.

40. Defendants admit that a police officer's use of excessive force may be a violation of the Fourth Amendment. Defendants deny the remaining allegations of this paragraph.

41. Defendants deny the allegations in this paragraph.

42. Defendants deny the allegations in this paragraph.

## CAUSE 5

### (42 U.S.C. § 1983; 4th Amendment-Excessive Force)

43. Defendants respond to the allegations Plaintiff incorporates into this paragraph in the same manner they are responded to in the foregoing, corresponding paragraphs of this Answer as if incorporated into this paragraph by reference.

44. Defendants admit that a police officer's use of excessive force may be a violation of the Fourth Amendment. Defendants are without knowledge or information sufficient to form a belief as to the truth regarding Plaintiff's alleged injuries in this paragraph. Defendants deny the remaining allegations in this paragraph.

45. Defendants admit the officers were employed by and acting in the name of the City of Laredo. Defendants deny the remaining allegations in this paragraph.

46. Defendants deny that this was misconduct. Defendants are without knowledge or information sufficient to form a belief as to the truth regarding Plaintiff's alleged injuries or damages in this paragraph.

## V. PRAYER FOR RELIEF

a. Defendants deny the allegations in this paragraph.

b. Defendants deny the allegations in this paragraph.

c. Defendants deny the allegations in this paragraph.

d. Defendants deny the allegations in this paragraph.

e. Defendants are without knowledge or information sufficient to form a belief as to the truth regarding whether <u>all</u> the officers' <u>alleged</u> conduct was within the policies and procedures of the City of Laredo's Police Department. Defendants deny the remaining allegations in this paragraph.

f. Defendants deny the allegations in this paragraph.

g. Defendants deny the allegations in this paragraph.

h. Defendants deny Plaintiff is entitled to punitive damages.

i. Defendants deny Plaintiff is entitled to exemplary damages.

j. Defendants deny Plaintiff is entitled to any further relief.

## JURY DEMAND

Defendants deny that Plaintiff is entitled to a jury trial.

**2.**

## AFFIRMATIVE DEFENSES

2.01. Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, the City asserts and affirmatively pleads that it is absolutely immune from suit and liability to Plaintiff under the common law doctrine of sovereign or governmental immunity, or in the alternative, under the doctrine of governmental immunity as codified in the Texas Tort Claims Act, Chapter 101 of the Texas Civil Practice & Remedies Code, to the extent applicable.

2.02. Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Elizondo, to the extent he is sued in his official capacity, asserts and affirmatively pleads that he is absolutely immune from suit and liability to Plaintiff under the common law doctrine of sovereign or governmental immunity, or in the alternative, under the doctrine of governmental immunity as codified in the Texas Tort Claims Act, Chapter 101, Texas Civil Practice & Remedies Code, to the extent applicable.

2.03. Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Elizondo, to the extent that he is sued in his individual capacity, asserts and affirmatively pleads that when he was performing the functions stated in Plaintiff's Original Complaint, he was engaged in the good faith performance of discretionary duties, that these decisions were within the course and scope of his duties as Investigator for the City of Laredo Police Department, and that his actions were objectively reasonable in light of clearly established law. He is therefore entitled to qualified immunity with respect to Plaintiff's federal claims.

2.04.    Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Elizondo, in his individual capacity, asserts and affirmatively pleads that at all times relevant to this suit he was performing discretionary duties within the course and scope of his authority as Investigator for the City of Laredo Police Department, and that his actions were objectively and subjectively reasonable and performed in good faith.  He is thus entitled to and pleads official immunity as to Plaintiff's state law claims, if any.

2.05.    Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Defendants assert immunity from liability for claims arising out of the performance of governmental functions as a matter of law.

2.06.    Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Elizondo asserts that any act or omission complained of by Plaintiff occurred in the course and scope of his office, employment, or contractual performance for or service on behalf of, a local governmental entity. Elizondo hereby invokes the limitations on liability pursuant to Section 108.002 of the Texas Civil Practice and Remedies Code, to the extent applicable.

### 3.

### REQUEST FOR RELIEF

For the reasons stated, Defendants requests that Plaintiff take nothing by his suit, and that Defendants recover all costs, and attorney's fees, together with such other and further relief to which they may be justly entitled.

Respectfully submitted,

William M. McKamie
Texas Bar No. 13686800
Southern Dist. I.D. No. 13010
Email: mmckamie@toase.com

**Taylor, Olson, Adkins,
   Sralla & Elam, L.L.P.**
13750 San Pedro Avenue, Suite 555
San Antonio, Texas 78232
Telephone No. (210) 546-2122
Facsimile No. (210) 546-2130

_____
Fredrick "Fritz" Quast
Texas Bar No. 24032974
Southern Dist. I.D. No. 3327433
Email: fquast@toase.com

Alicia K. Kreh
Texas Bar No. 24097953
Southern Dist. I.D. No. 3327420
Email: akreh@toase.com
**Taylor, Olson, Adkins,
   Sralla & Elam, L.L.P.**
6000 Western Place, Suite 200
Fort Worth, Texas 76107
Telephone No. (817) 332-2580
Facsimile No. (817) 332.4740

**ATTORNEYS FOR DEFENDANTS,
ERNESTO ELIZONDO, III, and
THE CITY OF LAREDO, TEXAS**

**CERTIFICATE OF SERVICE**

      This is to certify that on August 16, 2021, a true and correct copy of the above and foregoing document was forwarded via e-mail through the Electronic Case Filing System, to the following:

**Pro Se Plaintiff:**
Ismael Rincon
1102 S. Meadow
Laredo, Texas 78043
(210)729-9991
Email: ismarincon@hotmail.com

                                                                      _____
                                                                      Fredrick "Fritz" Quast